

$400

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

Geralda Lopez,

    Plaintiff,

v.

City of Lancaster,

    Defendant.

**19    5828**

Case No. _____

JURY TRIAL DEMANDED

FILED

JL

### COMPLAINT

NOW COMES Plaintiff, Geralda Lopez, (hereinafter referred to as "Plaintiff"), by and through her undersigned attorneys, and files this Complaint alleging as follows:

### NATURE OF THE ACTION

1.    Plaintiff initiates this action to redress violations of Albert Einstein Medical Center (hereinafter referred to as "Defendant") of the Americans With Disabilities Act ("ADA" – 42 U.S.C. §§ 12101, *et seq*), the Family Medical Leave Act ("FMLA" – 29 U.S.C. §§ 2601, *et seq.*).

### JURISDICTION AND VENUE

2.    This action is initiated pursuant to federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

3.    This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth



by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4.      Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.      Plaintiff filed a Charge of Discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted her administrative proceedings with respect to her EEOC claims by instituting the instant action within ninety (90) days of receiving a right to sue letter from the EEOC. (*See* Notice of Right to Sue, attached hereto as "Exhibit A.").

## PARTIES

6.      The forgoing paragraphs are incorporated in their entirety as if set forth in full.

7.      Plaintiff is an adult individual with a primary residence located at 217 School House Road, Lancaster, PA 17603.

8.      Defendant is a city or municipality situated in Pennsylvania with a address of 120 North Duke Street, P.O. Box 1599, Lancaster, PA 17608.

9.      At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with Defendant.

## FACTUAL BACKGROUND

10.     The forgoing paragraphs are incorporated in their entirety as if set forth in full.

11.     Plaintiff was hired by Defendant as a Water Meter Technician on about September 26, 1994.

12.     At all relevant times, Plaintiff has suffered from serious health conditions, including osteoarthritis in her knee, anxiety and a thyroid disorder. These serious health conditions limit several major life activities, including but not limited to walking, standing and the ability to work.

13.     Although Plaintiff was fully capable of performing the essential functions of her job with Defendant, she required reasonable accommodations, including occasional time off from work.

14.     Throughout 2017, Plaintiff was issued a series of disciplinary actions for alleged excessive absences. Many of these absences were the direct result of Plaintiff's aforementioned serious health conditions and her need for accommodations.

15.     The discipline culminated with the issuance of a "Last Chance Agreement" on about January 30, 2018, the basis of which was alleged "unscheduled absences." Plaintiff was advised that if she did not sign the agreement, she would be terminated from employment.

16.     At or around the time of both the absences and the time Plaintiff was issued disciplined related to same, she advised Defendant that she absent due to her serious health conditions.

17.     Despite having clear notice of Plaintiff's serious health conditions, Defendant did not provide Plaintiff with any notice of her individualized rights regarding FMLA leave.

18.     As a result of Defendant's failure to provide Plaintiff with notice of her individualized rights regarding FMLA leave, Plaintiff was unable to exercise her rights in any

meaningful way. Specifically, 'Plaintiff was issued discipline for absences that very well could have been designated as FMLA leave.

19.    As a result of the aforementioned pattern of receiving discipline for absences directly related to her serious health condition, Plaintiff requested and was approved for FMLA leave in about January of 2018.

20.    On about May 23, 2018, Plaintiff was terminated from employment from employment for allegedly violating the terms of the Last Chance Agreement. As referenced above, the Last Chance Agreement was directly related to Plaintiff's request for accommodations and Defendant's failure to advise Plaintiff of her FMLA rights.

21.    Plaintiff therefore avers that her termination was in violation of the ADA and FMLA.

## Count I
## Violations of the ADA
### (Failure to Accommodate, Discrimination, and Retaliation)

22.    The forgoing paragraphs are incorporated in their entirety as if set forth in full.

23.    As discussed in detail above, Plaintiff suffered from a serious health conditions that impaired several major life activities.

24.    Despite Plaintiff's serious health condition, at all times relevant herein, Plaintiff was capable of performing the essential functions of his position with Defendant.

25.    At all times relevant herein, Plaintiff was qualified for her job with Defendant.

26.    Plaintiff was therefore qualified individual with a disability as defined by the ADA.

27.    As set forth in detail above, Plaintiff requested reasonable accommodations, namely, occasional time off from work.

28.     Plaintiff's request for accommodations constitutes protected activity under the ADA.

29.     As discussed in detail above, Defendant subjected Plaintiff to a pattern of discrimination and adverse actions, including: 1) issuing her formal discipline for absences that were directly related to her disability and request for accommodations; and 2) terminating her from employment.

30.     Defendant's actions constitute violations of the ADA.

## Count II
## Violations of the FMLA
### (Interference and Retaliation)

31.     The forgoing paragraphs are incorporated in their entirety as if set forth in full.

32.     Defendant is an employer under the FMLA, as Defendant is engaged in commerce and/or activities affecting commerce and employed fifty (50) or more employees.

33.     At all times relevant herein, Plaintiff was an FMLA eligible employee as she: 1) worked for Defendant for at least twelve (12) months; 2) worked at least 1,250 hours for Defendant in the twelve (12) months prior to the start of her FMLA leave; and 3) worked at a location where at least fifty (50) employees were employed within seventy-five (75) miles.

34.     As discussed above, Defendant interfered with Plaintiff's rights insofar as Defendant did not provide Plaintiff with individualized notice of her FMLA-related rights despite the fact that Defendant had clear notice of Plaintiff's serious health condition and potential eligibility for FMLA leave.

35.     Plaintiff exercised her rights under the FMLA, as she applied and was approved for FMLA-qualifying leave.

36.     Plaintiff suffered an adverse action (*i.e.* termination) as a direct result of Defendant's interference. Specifically, had Plaintiff been timely advised of her FMLA rights, she would have not have been issued a Last Chance Agreement related to allegedly unexcused absences.

37.     The above actions constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter an order that:

A.     Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/harassing/retaliating against employees and is to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation at the hand of Defendant until the date of verdict;

C.     Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employees from engaging in such misconduct in the future;

D.     Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, liquidated damages and emotional distress (where legally permitted);

E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

F.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable law; and

G.     Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff also has endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Jonathan W. Chase, Esq.
**Ruppert Manes Narahari**
PA ID: 312448
1628 JFK Blvd
Suite 1650
Philadelphia, PA 19103
(215) 475 3504 Direct
(215) 475 3550 Fax
jc@rmn-law.com

# EXHIBIT A

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To:  Geralda Lopez<br>217 School House Road<br>Lancaster, PA 17603 | From:  Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |  |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2019-01487 | Legal Unit,<br>Legal Technician | (267) 589-9700 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Janie R. Williamson*

September 21, 2019

Enclosures(s)

**Jamie R. Williamson,**
**District Director**

(Date Mailed)

cc:
**Christine E. Munion**
**William J. Ferren & Assoc**
**P.O. Box 2903**
**Hartford, CT 06104**

**Jonathan W. Chase, Esq.**
**KRAEMER, MANES & ASSOCIATES LLC**
**1628 John F. Kennedy Blvd.**
**Suite 1650**
**Philadelphia, PA 19103**